

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 29, 1992

Ms. Mary Sapp
Executive Director
Texas Department on Aging
P. O. Box 12786
Austin, Texas 78711

Opinion No. DM-173

Re: Whether the Human Resources Code section 101.063 provides immunity to volunteer ombudsmen in the Texas Department of Aging long-term care ombudsman program (RQ-87)

Dear Ms. Sapp:

The Texas Department on Aging requested the attorney general's opinion concerning whether volunteer ombudsmen in the state long-term care ombudsman program are immune from liability. We conclude that such volunteer ombudsmen are immune from suit in the good-faith performance of their functions as volunteer ombudsmen.

Human Resources Code chapter 101, subchapter C, created the State of Texas Long-Term Care Ombudsman Office. Hum. Res. Code § 101.052. The state ombudsman is responsible for advocating the rights of nursing home residents and their families, including: Intervening on behalf of elderly persons in nursing homes to assure quality of care; establishing standards for dependable and acceptable nursing home care; investigating and resolving complaints made by or on behalf of residents of long-term care facilities, and monitoring nursing home compliance with federal, state and local laws. Hum. Res. Code § 101.053 - .054; 40 T. A. C. §§ 299.1, 299.5, 299.9. In order to monitor nursing homes on a state-wide basis, the state ombudsman is authorized to recruit volunteers and citizens' organizations to participate in the ombudsman program. Hum. Res. Code § 101.056(a); 40 T. A. C. §§ 299.9(b)(5) - (6); (c)(1), (8).

Human Resources Code section 101.063 states: "An ombudsman is not liable for civil damages or subject to criminal prosecution for performing official duties unless the ombudsman acts in bad faith or with malicious purpose." You ask

whether volunteer ombudsmen are immune from civil liability in the course of their duties as volunteer ombudsmen, or whether section 101.063 applies only to the state ombudsman. Chapter 101, subchapter C, as well as its legislative history establish that this limitation of liability was meant to apply to volunteer ombudsmen as well as the state long-term care ombudsman.

Throughout Human Resources Code chapter 101, subchapter C, the legislature uses the term "ombudsman" to denote the state long-term care ombudsman, as well as volunteers and citizens organizations that participate in the program. *See* Hum. Res. Code §§ 101.056(a), (c); 101.057(b), 101.063, 101.064(a)(1). When the legislature refers particularly to the "state long-term care ombudsman," the legislature either uses that term or uses the term "state ombudsman." *See* Hum. Res. Code §§ 101.054(a), 101.058(a). We conclude from the plain language of section 101.063 that the limitation of liability for "an ombudsman" applies to volunteer and citizen organizations that participate in the ombudsman program as well as the state ombudsman.

Human Resources Code chapter 101, subchapter C, was adopted to conform Texas law to the requirements of the federal Older Americans Act of 1965. *See* Hum. Res. Code § 101.053(a). Pursuant to the federal Older Americans Act, Amendments of 1987, 42 U.S.C. § 3021 *et seq*, certain federal funds were made available to states and communities for programs to assist older persons. *Id.* §§ 3021, 3023, 3024. To qualify for these federal grants, state governments were required to develop plans meeting certain federal standards to monitor the provision of health and social services for older persons. *Id.* § 3027. The Older Americans Act required participating states in these plans to establish a state long-term care ombudsman program. *Id.* § 3027(a)(12). The Older Americans Act provides that "[t]he State will ensure that *no representative* of the Office [of the State Long-Term Care Ombudsman] will be liable under State law for the good faith performance of official duties." *Id.* § 3027(a)(12)(I) (emphasis added). The Senate Labor and Human Resources Committee Report accompanying the Older Americans Act Amendments of 1987 states:

> *The amendments recognize the importance of local, sub-State ombudsman programs,* and require that such local programs be included as subdivisions of the Office [of the State Long-Term Care Ombudsman]. *Persons staffing these programs, either as employees or as unpaid volunteers, are to be treated as*

> *representatives of the Office.* The bill requires that representatives of the Office be afforded certain protections..... [*T*]*he bill requires the States to make assurances: that representatives of the Office will not be liable under State law for good faith performance of official duties.*

S. Rep. No. 136, 100th Cong., 1st Sess. 54 (1987) (emphasis added); *reprinted in* 1987 U.S.C.C.A.N. 866, 874. The Older Americans Act and its legislative history make it clear that volunteer ombudsmen were intended to be immune from liability for good faith performance of their official duties.

Human Resources Code chapter 101, subchapter C, and section 101.062 were enacted by House Bill No. 541 of the 71st Legislature. The bill analysis accompanying House Bill No. 541 states:

### PURPOSE

This legislation is proposed to comply with the Older Americans Act, Public Law 100-175, November 27, 1987. This federal law requires the Texas Department on Aging to establish an office of the state's Long-Term Care Ombudsman to advocate for nursing home residents.

*The federal law requires each state* to provide the ombudsman program access to residents of nursing homes and *to provide immunity for volunteer and staff.*

House Comm. on Retirement and Aging, Bill Analysis, C.S.H.B. 541, 71st Leg. (1989) (by Reps. Richardson & Robnett) (emphasis added); *see also* Bill Analysis, H.B. 541, 71st Leg. (1989) (by Rep. Richardson), ("one of the provisions of the 1987 re-authorization of the Older American's Act required states to provide immunity from civil or criminal action for ombudsmen volunteers who perform their duties in good faith").

We conclude from the plain language of Human Resources Code section 101.063, as well as its legislative history, that volunteer ombudsmen and citizens' organizations that participate in the long-term care ombudsman program are immune from liability for good faith performance of their duties.

## S U M M A R Y

Human Resources Code section 101.063, which provides that an ombudsman is not liable for civil damages or subject to criminal prosecution for good faith acts performed in the course of his official duties, applies to volunteer ombudsmen and citizens' organizations that participate in the long-term care ombudsman program.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by Geoffrey Hennessey
Assistant Attorney General